(Court of Appeal, Parish of Orleans.)

## A. MADERE vs. SUCCESSION OF LEWIS ORY.

Appeal from Twenty-eighth Judicial District Court, Parish of St. Charles.

H. N. Gautier and Robt. J. Perkins, for Plaintiff and Appellant.

L. H. Marrero, Jr., and A. E. Billings, for Defendant and Appellee.

Plaintiff alleging that defendant is indebted to him for services rendered by virtue of a contract, or, in the alternative, upon a *quantum meriut,* and who has been required to elect and has elected to proceed on the latter cause of action alone, cannot be defeated by an exception of no cause of action when he has made the proper averments to recover on a *quantum meriut.*

ESTOPINAL, J. Plaintiff, who was deputy sheriff (chief) under the late Lewis Ory, Sheriff of the Parish of St. Charles, claims of his estate the sum of $1782.21, alleging this sum to have been due him at the death of said Ory, averring that on the 26th day of October, 1899, he entered into an agreement with the said Ory whereby he, plaintiff, was to receive as compensation for his services as chief deputy sheriff, one-half of the proceeds of all salaries or fees received by said Ory as Sheriff and tax collector, etc., etc.

Plaintiff further avers, that if said agreement for any cause be declared invalid or illegal and not binding on the said Lewis Ory or his representatives, then he is entitled to recover for the value of his services as chief deputy sheriff, in other words, on a *quantum meruit.*

Defendants excepted to plaintiff's petition on the grounds:

1. That the allegations of plaintiff's petition are too vague, indefinite and general, and does not allege whether the alleged

agreement was verbal or written, etc., and if written that defendant was entitled to oyer thereof.

2. That he has alleged that he is entitled to recover upon the alleged agreement or upon a *quantum meruit*, which allegations are contradictory, inconsistent, etc., and that he should be ordered to elect upon which allegation he could prosecute his claim. The Court maintained these exceptions, ordering plaintiff to amend his petition by stating whether the alleged contract was verbal or written, and also to elect whether he would predicate and prosecute his suit upon the alleged contract or upon a *quantum meruit*. Plaintiff, in accordance with the Court's ruling, filed a petition and elected to prosecute his claim upon a *quantum meruit*.

Thereupon defendant filed an exception of no cause of action, which exception was sustained and plaintiff's suit dismissed.

Though his petition does not so recite, it is elementary that when two or more inconsistent allegations appear in a petition and the Court orders the petitioner to elect and he does elect upon which of those he desires to rely, that this is an implied abandonment of the cause of action no longer urged, which has great force.

In the case at bar the allegations of contract or *quantum meruit* are made in the alternative, the case is not gone into on the merits, plaintiff being ordered to elect as between the two allegations.

It must necessarily follow that the cause not elected or determined upon by plaintiff is practically wiped out of the petition.

The defendant cannot, therefore, urge any question of public policy or invoke the same as to cause of action no longer before the Court, and this particularly at the present stage of the cause when the plea of no cause of action admits the service rendered and the value of same to defendant.

It may be on the merits the defendant may expressly plead and show a contract contrary to public policy to defeat the plaintiff's suit on a *quantum meruit*, if it is permitted to successfully invoke such a contract to retain the fruits of another's labor, but

314

that question has not been presented to the lower Court as yet.

Suffice it to now say, the Court having required the plaintiff to elect, the plaintiff having elected and shown a cause of action, there was error in the dismissal of his suit.

It is therefore ordered, adjudged and decreed that the judgment of the lower Court be reversed and this cause be remanded for further proceedings, costs of this appeal to be paid by defendant.